IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WAYNE HENRY BURCHFIELD, | : | CIVIL ACTION NO. |
| BOP Reg. # 15754-058, | : | 1:15-CV-4503-WSD-JSA |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:12-CR-203-WSD-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

On December 17, 2015, Movant signed and filed a 28 U.S.C. § 2255 motion challenging the revocation of his supervised release. (Doc. 43). "If it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [court] must dismiss the motion . . . ." Rule 4 Governing § 2255 Proceedings. Because "it plainly appears" that this Court lacks jurisdiction over Movant's § 2255 motion, **IT IS RECOMMENDED** that the motion be **DISMISSED without prejudice**.

On February 8, 2001, in the United States District Court for the Western District of North Carolina, Movant was sentenced to a 161-month term of imprisonment, to be followed by a 3-year term of supervised release. (Doc. 1-3). This Court accepted jurisdiction over Movant's supervised release on June 21, 2012 (Doc. 1), and revoked

it on July 2, 2015 (Doc. 31). Movant filed a direct appeal, which is still pending. (*See* Docs. 33 *et seq.*); https://ecf.ca11.uscourts.gov/cmecf/servlet/TransportRoom, Case No. 15-13200, Appellee's Br., filed Nov. 19, 2015 (last visited Jan. 6, 2016).

"In the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence." *Blair v. United States*, 527 Fed. Appx. 838, 839 (11th Cir. 2013). "The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice." *Id.* As the Court discerns no extraordinary circumstance here, Movant's § 2255 motion should be dismissed without prejudice while his direct appeal is pending.

A federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).  Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here.  *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case).  Because jurists of reason would agree, and not find it debatable, that this Court lacks jurisdiction over Movant's § 2255 motion while his direct appeal is pending, a certificate of appealability is not warranted here.

For the foregoing reasons, **IT IS RECOMMENDED**, under Rule 4 of the Rules Governing § 2255 Proceedings, that Movant's § 2255 motion to vacate the revocation of his supervised release (Doc. 43) be **DISMISSED without prejudice** and that Movant be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 7th day of January, 2016.

$\underline{\hspace{3in}}$
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

3