IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **WAYNE HENRY BURCHFIELD,** <br><br> **Movant,** <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> **Respondent.** | 1:12-cr-203-WSD-JSA-1 <br> 1:15-cv-4503-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [45][1] ("R&R"), recommending dismissal of Movant Wayne Henry Burchfield's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [43] ("Section 2255 Motion"). Also before the Court is Movant's Objection to Magistrates [sic] Report and Recommendation [47].

On February 8, 2001, the United States District Court for the Western District of North Carolina sentenced Movant to 161 months in prison, followed by

---

[1] Citations to the record, in this Opinion and Order, refer to case number 1:12-cr-203-WSD-JSA-1.

3 years of supervised release. ([1.3]). On June 21, 2012, this Court accepted jurisdiction over Movant's supervised release and, on July 2, 2015, the Court revoked Movant's supervised release and remanded him to the custody of the Bureau of Prisons for ten (10) months, followed by twelve (12) months of supervised release. ([1]; [31]). On July 15, 2015, Movant filed his Notice of Appeal [33]. On December 21, 2015, while his direct appeal was pending, Movant filed his Section 2255 Motion, arguing that he received ineffective assistance of counsel and that the Court's July 2, 2015, Order "was unreasonably harsh and should be reversed." ([43] at 4, 15).

On January 7, 2016, the Magistrate Judge issued his R&R, recommending that Movant's Section 2255 Motion be dismissed because it was filed during the pendency of his direct appeal. On January 13, 2016, the Court of Appeals for the Eleventh Circuit dismissed Movant's direct appeal. On January 20, 2016, Movant filed a document stylized as objections to the R&R, arguing that the Court's July 2, 2015, Order impermissibly required him to serve ten (10) months in prison, followed by twelve (12) months of supervised release. ([47]). Movant "requests this Court to vacate his 10 month plus 12 month supervised release" and asks the Court to "recharacterize this objection as his initial 2255 since the 11th Circuit Court of Appeals affirmed his judgment." ([47] at 1, 3).

Movant appears to have intended this document to serve as a new section 2255 motion, filed in light of the outcome of his direct appeal.  "[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion."  United States v. Terrell, 141 F. App'x 849, 851 (11th Cir. 2005) (quoting Ching v. United States, 298 F.3d 174, 175-77 (2d Cir. 2002)); see Brian R. Means, Federal Habeas Manual § 11:41 (May 2016 Update) ("[A] second habeas petition should be treated as a motion to amend the original petition, rather than a second or successive petition, if it was filed while another habeas petition was pending.").  The Court thus construes Movant's Objection to Magistrates [sic] Report and Recommendation [47] as Movant's motion to amend his Section 2255 Motion.  The Court concludes that this matter should be re-referred to the Magistrate Judge for further processing.

For the foregoing reasons,

**IT IS HEREBY ORDERD** that the Clerk of Court is **DIRECTED** to **RE-REFER** this action to the Magistrate Judge for further processing.

**SO ORDERED** this 26th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE