IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WAYNE HENRY BURCHFIELD, | : | CIVIL ACTION NO. |
| BOP Reg. # 15754-058, | : | 1:15-CV-4503-WSD-JSA |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:12-CR-203-WSD-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## OPINION AND ORDER

On December 17, 2015, Movant filed a 28 U.S.C. § 2255 motion challenging the revocation of his supervised release, seeking to be resentenced and thereby removed from supervised release. (Doc. 43 at 12). Respondent has summarized the procedural background as follows:

> On June 1, 2000, [Movant] pled guilty to three charges. . . . The district court for the Western District of North Carolina sentenced him to 41 months' imprisonment on Counts 1 and 2 to run consecutively to ten years' imprisonment for Count 3. The court also sentenced [him] to serve three years of supervised release on each count.
>
> [Movant] completed his term of imprisonment on February 10, 2012 and began his term of supervised release on February 11, 2012. [This Court] began supervising [Movant] on June 21, 2012.
>
> [This Court] first revoked [Movant's] supervised release for drug and other violations on November 25, 2013. It sentenced him to 11 months' imprisonment followed by 12 months of supervised release. [Movant] completed his prison term and re-entered supervision.

> During his second round of supervised release, [Movant] committed additional violations, and on July 1, 2015, [this Court] held a hearing to consider those violations. The [C]ourt again revoked [Movant's] supervised release and sentenced him to ten months' imprisonment followed by 12 months of supervised release. [Movant] completed his prison term and re-entered supervision on March 11, 2016. . . .
>
> [Movant] again violated the terms of his supervised release. He admitted to the violations and [on October 7, 2016, this Court] sentenced him to 3 months' incarceration with no supervision to follow. He was released from custody on October 26, 2016.

(Doc. 65 at 1-3 (footnotes and citations omitted); *see* Doc. 62).

Respondent argues that this Court lacks subject matter jurisdiction to consider Movant's § 2255 motion because he is no longer in custody, having been released on October 26, 2016 with no further supervision by this Court. (*Id.* at 3). That argument fails because a former federal prisoner who is on supervised release when he files his § 2255 motion is still "in custody" for purposes of the motion. *See Aguero v. United States*, 580 Fed. Appx. 748, 749 n.1 (11th Cir. 2014) (although movant "was serving his three-year term of supervised release when he filed his § 2255 motion[, and the term] expired . . . while his § 2255 motion was pending[, he] still meets § 2255's 'in custody' requirement"). But, more to the point, Movant's § 2255 motion is now moot because the only relief he seeks in his motion is an end to his supervised release, and that end has arrived. *See, e.g.,*

2

*Summers v. United States*, 2:11cv908-WHA, 2014 U.S. Dist. LEXIS 152722, at *7 (M.D. Ala. Sept. 26) ("Because the district court granted [movant's] § 3582(c)(2) motion and applied Amendment 750 to grant him the relief he requests in Claim 3 of his § 2255 motion, this claim in [his] § 2255 motion is moot."), *adopted by* 2014 U.S. Dist. LEXIS 151630 (M.D. Ala. Oct. 27, 2014); *see also Themeus v. United States DOJ*, 643 Fed. Appx. 830, 832 n.3 (11th Cir. 2016) (because petitioner had been released from custody, his "claim that the [challenged] immigration detainer precluded him from participating in work-release programs" was moot); *Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the [movant] or appellant meaningful relief, then the case is moot and . . . . dismissal is required because mootness is jurisdictional." (citation omitted)).

A federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner

3

or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case). Because jurists of reason would agree, and not find it debatable, that Movant's § 2255 motion is now moot, a certificate of appealability is not warranted here.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's 28 U.S.C. § 2255 motion (Doc. 43) be **DISMISSED for lack of jurisdiction** and that he be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge and to remove the Report and Recommendation (Doc. 45) from the submissions list.

**SO ORDERED** this 13th day of December, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE